UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
STEPHEN FLANIGAN, as a Trustee of the          2:18-cv-6472(JS)(GRB)
GENERAL BUILDING LABORERS' LOCAL 66
VACATION FUND, et al   ,

                                          **ANSWER TO**
                 Plaintiffs,              **COMPLAINT**


                -against-


UNITECH SERVICES GROUP, INC., JOSE REILLO,
and STEVEN MATTHEWS,

                 Defendants.
-----------------------------------------------------------------------------X

        Defendants Unitech Services Group, Inc. (hereinafter referred to as "Unitech"), Jose Reillo, and Steven Matthews (collectively "Defendants"), by their attorneys Rabinowitz, Galina and Rosen, Esqs. as and for its answer to the Verified Complaint states as follows:

1. Neither admits nor denies the allegations contained in paragraph "1" of the Verified Complaint.

2. Admits the allegations contained in paragraphs "2" and "3" of the Verified Complaint and begs leave to refer to the cited statutes at the trial of this matter.

3. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "4" and "5" of the Verified Complaint.

4. Admits that Unitech is a domestic corporation within the State of New York and maintains its principal place of business at 241-4 North Fehr Way, Bay Shore, New York 11706 as set forth in paragraph "6" of the Verified Complaint and

1

neither admits nor denies the remainder of the allegations set forth in paragraph "6" of the Verified Complaint.

5. Admits that Jose Reillo and Steven Matthews are officers and/or directors and/or shareholders and/or agents of Unitech as set forth in paragraph "7" of the Complaint and neither admits or denies the remainder of the allegations set forth in paragraph "7" of the Verified Complaint and begs leave to refer to the cited statutes at the trial of this matter.

6. Admits the allegations as set forth in paragraph "8" of the Verified Complaint as to the corporate defendant only and denies as to the individual defendants.

7. Denies that the corporate defendant executed a collective bargaining agreement with General Building Laborers' Local Union No. 66 as set forth in paragraph "9" of the Verified Complaint and neither admits or denies the remainder of the allegations set forth in paragraph "9" of the Verified Complaint. Defendant respectfully seeks leave to refer to the collective bargaining agreement and Agreements and Declarations of Trusts for its true terms and conditions at the time of trial of this matter. Defendant Unitech admits that certain monies were paid into the Plaintiff Funds by the Corporate Defendant.

8. Denies that Defendant Unitech executed a Collective Bargaining Agreement with Local Union No. 66 and denies each and every allegations contained in Paragraph "10" of the Verified Complaint as to the individual defendants. Defendant Unitech admits that it employed participants and paid all benefits required to be paid for those participants.

9. There is no paragraph "11" in the Verified Complaint which is specifically denied.

10. Denies the allegations contained in paragraphs "12", "13" and "14" of the Verified Complaint.

11. Denies the allegations contained in paragraph "15", "16", "17" and "18" of the Verified Complaint except admits that Unitech was a signatory to a collective bargaining agreement and Agreements and Declarations of Trusts with General Building Laborers' Local Union No. 66 and respectfully seeks leave to refer to the collective bargaining agreement and Agreements and Declarations of Trusts for its true terms and conditions at the time of trial of this matter.

## **CLAIM FOR RELIEF**

12. In response to paragraph "19" of the Verified Complaint, Defendant repeats and realleges its answers to each and every preceding allegation.

13. Denies the allegations contained in paragraphs "20", "21", "22" and "23" of the Verified Complaint.

14. Neither admits nor denies the allegations contained in paragraph "24" of the Verified Complaint since they merely state legal conclusions.

15. Denies the allegations contained in paragraph "25" of the Verified Complaint.

16. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "26" and "27" of the Verified Complaint.

17. Neither admits nor denies the allegations contained in paragraph "28" of the Verified Complaint since they merely state legal conclusions.

18. Defendants specifically deny each and every allegations not specifically denied herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. Defendants have always complied with all of their obligations and responsibilities arising to the Plaintiff Funds.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. Defendants have subjected themselves to an audit of its payroll records for the purposes of calculating its fringe benefit contributions due, if any, to Plaintiffs.

21. Plaintiffs' auditor has sent an audit report to Defendants and said report was inaccurate, inflated and excessive in that it was not based on Defendants' actual payroll and for the covered work.

**WHEREFORE**, Defendants respectfully request an Order dismissing Plaintiffs' Complaint together with such other and further relief as to this court may seem just and proper.

Dated: January 16, 2019
       Mineola, New York

             **RABINOWITZ, GALINA AND ROSEN, ESQS.**
             Attorneys for Defendants Unitech, Jose Reillo, and Steven Matthews

             By: Michael M. Rabinowitz, Esq.
             94 Willis Avenue
             Mineola, New York 11501
             (516) 739-8222

To: **Lavelle Law & Associates, P.C.**
   57 E Main Street
   Patchogue, New York 11772
   (631) 475-0001